UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEREMY ISAAC COMFORT,

                                   Plaintiff,

                                                                                                   Case # 22-CV-6412-FPG

v.

                                                                                                     DECISION AND ORDER

JAMES WELLINGTON,
JUSTIN B. FARWELL,

                                 Defendants.
_____

## INTRODUCTION

On August 10, 2022, *Pro se* Plaintiff, Jeremy Isaac Comfort filed a Complaint against Defendants asserting claims under 42 U.S.C. § 1983. By order signed October 3, 2022 (the "Prior Order"), the Court dismissed the City of Elmira as a defendant without prejudice to Plaintiff filing an amended complaint, but permitted claims against the other defendants to proceed should Plaintiff fail to amend the complaint. *See generally* ECF No. 6. After Plaintiff failed to file an amended complaint, the original complaint proceeded to service and the automatic 21-day deadline to file a responsive pleading was triggered. Nearly six months after the 21-day deadline to file a responsive pleading passed, Defendants had not yet responded, so Plaintiff filed a letter requesting the Clerk of the Court to enter default against Defendants, which was entered on June 6, 2023. ECF No. 9, 10. As a response to the entry of Default, Defendants filed the present motion to vacate the entry of default. ECF No. 14.

## DISCUSSION

Federal Rule of Civil Procedure 55(c) provides that a court may set aside an entry of default for "good cause." Fed R. Civ. P. 55(c). The Second Circuit has established a set of factors for courts to consider when making a "good cause" determination under these circumstances. Those factors are: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil*

*Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). The Second Circuit has also permitted courts to consider whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring a harsh or unfair result. *Id.*

Here, Defendants argue that the default entered against them should be vacated because the default was not willful, Plaintiff will not be prejudiced if the default is vacated, and they can present meritorious defenses to the allegations in Plaintiff's complaint. The Court agrees.

1. **Willfulness of Default**

"This is not a case of a willful default or a refusal to proffer an excuse for not responding." *Enron Oil Corp.*, 10 F.3d at 97. Rather, Defendants' excuse for failing to answer the Plaintiff's complaint is a failure by counsel to comprehend the Prior Order. In counsel's affidavit, he states that "upon [his] review of the Court's docket [in the case], it was unclear as to whether an answer date had been set by the Court." ECF No. 14-1 ¶ 8. Because of counsel's uncertainty, he alleges that he called the Court's chambers and was told that Plaintiff was supposed to file an amended complaint. *Id.* ¶ 10. Counsel interpreted this information to mean that an answer would not be required for the original complaint. *Id.* ¶ 11. As a result, counsel waited to respond, but "continued to monitor the Court's docket to ascertain whether an amended complaint had been filed, at which point [he] intended to file [] answering papers on behalf of Defendants." *Id.* at ¶13. Counsel's understanding of the Prior Order is incorrect.

In the Prior Order, it was clearly stated that "Plaintiff's claims against the City of Elmira will be dismissed without prejudice unless he files an amended complaint plausibly alleging that the use of excessive force by Wellington and Farwell occurred pursuant to a policy or custom of the City." ECF No. 6 at 9. However, the claims against Defendants Wellington and Farwell were not dismissed. Rather, the Order stated in several places that if Plaintiff fails to file an amended complaint against the city "his claims against Defendants Wellington and Farwell will nevertheless proceed to service." *Id.* at n.3; *see also id.* at 9 ("[I]f Plaintiff fails to file an amended complaint as directed, the claim against the City of Elmira will be dismissed with prejudice," however, "service of the remaining claim against Defendants Wellington and Farwell

shall be directed."); *id.* at 11 ("[I]n the event Plaintiff has failed to file an amended complaint" within 45 days, then "the Clerk of Court is directed to cause the United States Marshals Service to serve copies of the Summons, Complaint, and this Order upon Defendants Wellington and Farwell.").

Therefore, while counsel was correct to wait to see if Plaintiff would file an amended complaint before responding, once the 45-day period to respond had passed without Plaintiff filing an amended complaint, counsel had no reason to continue waiting. By operation of the Prior Order, the City of Elmira had been dismissed and service of the summons, original complaint and Prior Order on Defendants Wellington and Farwell was automatically triggered. Indeed, the Summons was returned executed by both Defendants on January 17, 2023. ECF No. 7. Once the original complaint was served on Defendants Wellington and Farwell it was ripe for a response and pursuant to Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure—which applies to all complaints filed in the Federal District Courts—Defendants had 21 days to serve a responsive pleading. Even though Defendants failed to comply, the record does not support a finding of willfulness.

### 2. Prejudice to Plaintiff

Plaintiff will not be prejudiced by vacating the default. Prejudice results when delay causes "the loss of evidence, create increased difficulties of discovery or provide greater opportunity for fraud and collusion." *Ward v. Ramkalawan*, No. CV 11-4295, 2013 WL 1149108, at *5 (E.D.N.Y. Feb. 11, 2013), *report and recommendation adopted*, 2013 WL 1149068 (Mar. 19, 2013). Here, none of these circumstances of prejudice has been alleged by Plaintiff. In response to Defendants motion to vacate the default, Plaintiff only restates the reasons why the default was entered in the first place, which is that Defendants failed to follow the Prior Order. ECF No. 16. This is not sufficient to allege prejudice and at this early stage of litigation, the Court does not find that any delay would cause loss of evidence or difficulties in discovery.

### 3. Meritorious Defense

Defendants proffer a meritorious defense to Plaintiff's complaint. "The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron Oil Corp.*, 10 F.3d at 98. Here, Defendants have proffered ten affirmative defenses that if proven would constitute a complete defense at trial. Accordingly, Defendants proffered defenses are meritorious.

## CONCLUSION

Because Defendants' default is the result of a good faith lack of comprehension, they have proffered meritorious defenses to the complaint, and Plaintiff will not be prejudiced, the Court finds "good cause" to set aside the entry of default against Defendants. *Enron Oil Corp.*, 10 F.3d at 96. Accordingly, Defendants' motion to vacate the default (ECF No. 14) is GRANTED. Defendant is directed to answer, move, or otherwise respond to the complaint on or before November 1, 2023.

IT IS SO ORDERED.

Dated: October 11, 2023
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court
Western District of New York